**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**Charleston Division**


**JEFF ELLISON,**

   **Plaintiff,**

**v.**             **Civil Action No.** _2:17-cv-3827_

**CREDIT ACCEPTANCE CORPORATION,**

   **Defendant.**


## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

  Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Credit Acceptance Corporation ("Defendant" or "Credit Acceptance"), by counsel, hereby removes this action from the Circuit Court for Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division.  Jurisdiction of this Court is proper because this Court has original jurisdiction over the case by way of federal question jurisdiction pursuant to 28 U.S.C. § 1331.  In support thereof, Credit Acceptance states as follows:

### I.  INTRODUCTION

  1.  On February 27, 2015, Plaintiff Jeff Ellison ("Plaintiff") filed a complaint (the "Complaint") against Credit Acceptance in the Circuit Court of Kanawha County, West Virginia, in an action styled *Jeff Ellison v. Credit Acceptance Corporation*, Case No. 15-C-415 (the "State Court Action").  The State Court Action was not removable at that time.  In the Complaint, Plaintiff asserted claims regarding alleged unlawful calls arising under state law and filed a

stipulation, capping damages at $75,000 or less, including all costs and fees.

2.      A copy of the State Court docket, Complaint, and other filings, are attached hereto as **Exhibit A**.

3.      On May 30, 2017, after conducting discovery, Plaintiff filed a Motion to Amend Complaint seeking to add additional claims against Credit Acceptance.  A copy of Plaintiff's Motion to Amend Complaint, that includes his Proposed First Amended Complaint as Exhibit 1, is attached hereto as **Exhibit B**.

4.      On July 27, 2017, the Court entered an Order granting Plaintiff leave to amend his Complaint, which is attached hereto as **Exhibit C**.  The Order states that Plaintiff's proposed Amended Complaint "is deemed filed as of the date this Order is entered."  *See* Ex. C p.2 ¶ 4.

5.      The Amended Complaint includes a new count (Count VI) for Violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.  See* Ex. B, Ex. 1 ¶ 39 – 46.  Prior to the Amended Complaint, Plaintiff did not assert any federal claims.

6.      This Notice of Removal is being filed within thirty days of the Court's Order deeming Plaintiff's Amended Complaint filed.  Thus, this removal is timely pursuant to 28 U.S.C. §§ 1446(b)(3).[1]  *See Savilla v. Speedway Superamerica, LLC*, 91 Fed. Appx. 829, 831 (4th Cir. 2004) (finding removal timely when filed within 30 days of order granting leave to amend complaint); *Bottom v. Bailey*, No. 1:12-cv-97, 2013 U.S. Dist. LEXIS 14666 *7-10 (W.D.N.C. Feb. 4, 2013) (holding removal timely when filed within 30 days of order granting motion to amend complaint, finding "[u]ntil the state judge granted the motion to amend, there was no basis for removal…[w]hen the motion was granted, the case first became removable, and

---

[1] The one-year limitation on removing actions set forth in 27 U.S.C. § 1446(c)(1) applies only to removal based on diversity jurisdiction, not federal question jurisdiction.  *See* 27 U.S.C. § 1446(c)(1)

it was promptly removed.").

7.      Plaintiff's claims in this action are based on alleged unlawful calls placed by Credit Acceptance to Plaintiff regarding his default on the Retail Installment Contract and Security Agreement (the "Contract") he entered in connection with the purchase of a vehicle. *See* Ex. B, Ex. 1 .

8.      In the Amended Complaint, Plaintiff alleges, among other things, that Credit Acceptance violated the TCPA, 47 U.S.C. § 227(b)(1), by using an automated dialer system to place calls to Plaintiff's cell phone after he revoked consent.  *See* Ex. B, Ex. 1 ¶ 39 – 46. Plaintiff seeks damages in the amount of $500 per violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and $1,500 per willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C). *See id*. p.8, "Demand for Relief" ¶ (e), (f).

9.      Credit Acceptance denies the allegations made in the Amended Complaint and denies that Plaintiff has suffered any damages whatsoever as a result of Credit Acceptance's conduct.  Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have filed the Amended Complaint in this Court under federal question jurisdiction.

## II.      FEDERAL JURISDICTION

10.     Plaintiff's claims arise out of the Contract assigned to Credit Acceptance.  In the Amended Complaint, Plaintiff alleges violations of the TCPA, 47 U.S.C. § 227(b)(1).  *See* Ex. B, Ex. 1 ¶ 39 – 46.  Specifically, Plaintiff contends that Credit Acceptance placed calls to his cell phone using an automated dialer system after he revoked consent for such calls. *See id*.

11.     Pursuant to 28 U.S.C. § 1331, federal question jurisdiction exists over this action because Plaintiff's allegations require resolving issues that arise under the TCPA.  Particularly, this matter necessitates the application of federal law, as federal law determines the rights and

liabilities of the parties, which warrants a proper exercise of federal question jurisdiction.

12.    Because there is federal question jurisdiction over the claims as discussed above, this Court also has supplemental jurisdiction over all other remaining state law claims because those claims stem from the same operative facts and are so related that they form part of the same case or controversy.  *See* 28 U.S.C. §§ 1367(a) and 1441(c).  In particular, Plaintiff's state claims all arise out of the same calls allegedly placed by Credit Acceptance after Plaintiff allegedly requested that such calls stop.   Ex. B, Ex. 1 ¶ 5-38.   Accordingly, this case is removable.

### III.    **VENUE**

13.    Venue is proper in this Court because this district and division encompass the Circuit Court for the County of Kanawha, West Virginia, the forum from which the case has been removed.  *See* 28 U.S.C. § 1441.

### IV.    **NOTICE**

14.    Concurrent with the filing of this Notice, Credit Acceptance will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Kanawha County, West Virginia, a copy of which is attached hereto as **Exhibit D**.

WHEREFORE, for the reasons stated above, Defendant Credit Acceptance Corporation respectfully request that the above-referenced case now pending in the Circuit Court for Kanawha County, West Virginia be removed to the United States District Court for the Southern District of West Virginia, Charleston Division.

Dated: August 16, 2017                    Respectfully submitted,


                                          **CREDIT ACCEPTANCE CORPORATION**



                                          By:_____/s/ *John C. Lynch*_____
                                                    Of Counsel



John C. Lynch (WV Bar No. 6627)
Jonathan M. Kenney (WV Bar No. 12458)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7765
Facsimile:   (757) 687-1524
E-mail: john.lynch@troutmansanders.com
E-mail: jon.kenney@troutmansanders.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

JEFF ELLISON,

        Plaintiff,

v.                                        Civil Action No.  2:17-cv-03827

CREDIT ACCEPTANCE CORPORATION,

        Defendant.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of August, 2017, a true and correct copy of the foregoing *Notice of Removal* was filed with the Clerk of the Court using the CM/ECF system, and I further certify that a copy was sent via first class mail, postage prepaid, to the following counsel of record:

Benjamin M. Sheridan, Esq.
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV  25526
*Counsel for Plaintiff*

   /s/ *John C. Lynch*
John C. Lynch (WV Bar No. 6627)
Jonathan M. Kenney (WV Bar No. 12458)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7765
Facsimile:  (757) 687-1524
E-mail: john.lynch@troutmansanders.com
E-mail: jon.kenney@troutmansanders.com

6