# EXHIBIT B

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Jeff Ellison**
    **Plaintiff,**

**vs.**                                                        Case No.  15-C-415

**Credit Acceptance Corporation**
    **Defendant.**

### PLAINTIFF'S MOTION TO AMEND COMPLAINT

Your Plaintiff, Jeff Ellison by counsel, Ben Sheridan of Klein & Sheridan, LC, files the attached motion to amend his complaint pursuant to Rule 15 of the West Virginia Rules of Civil Procedure to include additional violations of the law discovered during discovery.  The Defendant has moved to add a counterclaim to their complaint, and so it is only fair that Plaintiff also be allowed to amend to add his additional claims.  What is good for the goose is good for the gander.   The proposed amended complaint is attached as Exhibit 1.

Wherefore, Rule 15 of the West Virginia Rules of Civil Procedure, Plaintiff moves this honorable Court for leave to amend his complaint with the attached amended complaint.


                                                        Jeff Ellison,
                                                        By counsel



Ben Sheridan, Esq. (WV Bar #11296)
KLEIN & SHERIDAN, LC
3566 Teays Valley Road
Hurricane. West Virginia 25526
(304) 562-7111

1

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Jeff Ellison**
     **Plaintiff,**

**vs.**
                                              **Case No.  15-C-415**

**CREDIT ACCEPTANCE CORPORATION**
     **Defendant.**

### FIRST AMENDED COMPLAINT

1. The Plaintiff, Jeff Ellison, is a resident of West Virginia.

2. The Plaintiff is a person who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

3. The Defendant, CREDIT ACCEPTANCE CORPORATION, is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

4. The Defendant is a debt collector as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including KANAWHA County, West Virginia.

5. After the Plaintiff became in arrears upon the alleged indebtedness to the Defendant, upon his account, the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiff, by written communications and did otherwise communicate with Plaintiff to collect the alleged debt.

6. The Plaintiff retained the undersigned counsel to represent Plaintiff's interest in connection with consumer indebtedness on which Plaintiff had become in arrears.

1



7.  Thereafter, the Defendant caused a telephone collection call to be placed to Plaintiff's home.  During the telephone call, Plaintiff told the Defendant's employee that Plaintiff was represented by an attorney and gave Defendant's employee the Plaintiff's attorney's name and telephone number.

8.  Thereafter, Defendant continued to cause telephone calls to be placed to the Plaintiff.

9.  The Defendant maintains records of each call placed to the Plaintiff by date, time called, duration of call, the identity of the Defendant's employee and notes or codes placed upon such record by the Defendant's employee.

10. Such records will reflect that the Defendant placed telephone calls to the Plaintiff's residential telephone number after it appeared that Plaintiff was represented by an attorney and the attorney's name and telephone number were known or could be reasonably ascertained.

11. When the Plaintiff informed the Defendant that they were not to contact him anymore but instead direct all communications to his attorney, he reasonably removed the authorization to contact him on his cell phone.

12. The Defendant uses an automated dialer system, and did used said system to contact the Plaintiff.

13. The agent who spoke with Plaintiff on the call when the Plaintiff asked the Defendant to contact his attorney and as the Defendant to stop calling the Plaintiff is identified by the Defendant as "CLW1."

14. Upon information and belief, CLW1 is no longer employed with the Defendant.

15. Upon information and belief, the Defendant does not have a recording of the conversation between CLW1 and the Plaintiff.

2

## COUNT I

*VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

16. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

17. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

    a. engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff in violation of *West Virginia Code* §46A-2-125;

    b. causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of *West Virginia Code* §46A-2-125(d);

    c. using unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128(e) by communication with Plaintiff after it appeared that the Plaintiff was represented by an attorney and the attorney's name and address were known or could be easily ascertained;

    d. failing to clearly disclose the name of the business entity making a demand for money upon Plaintiff's indebtedness in violation of *West Virginia Code* §46A-2-127(a) and (c).

18. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II

*COMMON LAW NEGLIGENCE*

19. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

20. Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA as alleged in Count I.

21. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT III

*INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

22. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

23. The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

   a. Defendant placed telephone calls to Plaintiff after Defendant knew that Plaintiff was represented by an attorney in gross violation of the WVCCPA;

   b. Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

   c. Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

4

d.  Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3) punishable by fine and/or imprisonment;

c.  Insofar as Defendant's conduct of engaging in telephone conversation with Plaintiff undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(a)(4) punishable by fine and/or imprisonment;

f.  Insofar as Defendant's conduct constituted knowingly allowing a phone under Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(b) punishable by fine and/or imprisonment.

24. As a result of the Defendant's actions, the Plaintiff has suffered emotional distress.

25. As a result of the Defendant's actions, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT IV

### *COMMON LAW INVASION OF PRIVACY*

26. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

27. The Plaintiff has, and have, an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiff's home.

28. The acts of the Defendant in placing telephone calls to Plaintiff's home telephone number invaded, damaged and harmed Plaintiff's right of privacy.

29. As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

30. As a result of the Defendant's action, the Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### COUNT V

### VIOLATION OF THE WEST VIRGINIA COMPUTER CRIMES AND ABUSE ACT

31. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

32. The Plaintiff is a "persons" as defined by *West Virginia Code* §61-3C-3(n) as Plaintiff is a "natural person."

33. The Defendant, CREDIT ACCEPTANCE CORPORATION, is a "person" as defined by West Virginia Code §61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

34. The Defendant, with the intent to harass, used an "electronic communication device" as defined by West Virginia Code §61-3C-14a to make contact with the Plaintiff after being requested by Plaintiff to desist from contacting the Plaintiff in violation of *West Virginia Code* §61-3C-14a(a)(2).

35. The Defendant's actions violated *West Virginia Consumer Credit and Protection Act* Chapter 46A as described in Count I above and therefore violate this statute as well.

36. The Plaintiff was injured as a result of the violations of the *West Virginia Computer Crimes and Abuse Act* as set forth above.

37. Plaintiff seeks compensatory damages for injuries provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

6

38. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT VI

### *VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT*

39. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

40. The Defendant used a predictive or otherwise automated dialer system to call the Plaintiff.

41. The predictive dialer system resulted numerus calls being placed by the Defendant to the Plaintiff's cell phone

42. The Plaintiff removed any consent that may have existed to call the Plaintiff's cell phone by the reasonable act of Plaintiff asking the Defendant to stop calling Plaintiff on the phone when the Defendant called the Plaintiff.

43. The Defendant had the Plaintiff's cell phone number as it was the number they were calling him on during the call when he asked them not to call.

44. The agent the Plaintiff spoke with is identified by the Defendant only as "CLW1."

45. As a result of the Defendant's actions, defendant has repeatedly violated the Telephone Consumer Protection Act 47 USCS § 227(b)(1) by:

    a. Making calls to the Plaintiff's cellular telephone by means of an automatic dialing system.

46. The Defendant's violations of the Telephone Consumer Protection Act were willful to the extent the Plaintiff repeatedly removed his consent to call his cell phone, and the Defendant ignored him.

7

As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

**DEMAND FOR RELIEF**

Plaintiff demands from the Defendant:

a.  Actual damages for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

b.  Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

c.  Plaintiffs cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

d.  The Plaintiffs be awarded general damages for the Defendant's negligence as alleged in Count II of the Complaint;

e.  $500 per violation of the Telephone Consumer Protection Act as provided for in in 47 USCS § 227(b)(3)(B);

f.  $1,500 per violation of the Telephone Consumer Protection Act to the extent the violations were willful 47 USCS § 227(b)(3)(C);

g.  The Plaintiffs be granted general damages and punitive damages for Defendant's conduct alleged in Count II, III, IV, and V;

h.  The Plaintiff's debts be cancelled pursuant to *West Virginia Code* §46A-5-105;

8

i.   Such other relief as the Court shall deem just and proper under the attendant

circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

JEFF ELLISON
By Counsel

Benjamin Sheridan (# 11296)
*Counsel for Plaintiff*
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, WV 25526
(304) 562-7111
Fax: (304) 562-7115

9

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**Jeff Ellison**
  **Plaintiff,**

**vs.**               **Case No.  15-C-415**

**CREDIT ACCEPTANCE CORPORATION**
  **Defendant.**

### <u>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT</u>

On a previous day came the Plaintiff, Jeff Ellison, and moved this Court for leave to amend his complaint.  Finding no reason to deny the relief requested, the Court does here by GRANT the Plaintiff's motion to amend his complaint.

WHEREFORE, the Plaintiff's first amended motion to amend his complaint is GRANTED has fourteen (14) days from the date of this order to file the amended complaint attached to his motion as Exhibit 1.

ENTERED:          _____
              Judge Charles E. King

Prepared by:

_____
Benjamin Sheridan (#11296)
*Counsel for Plaintiff*
Klein & Sheridan, LC
Clyffeside Professional Building
3566 Teays Valley Rd
Hurricane, WV 25526
Phone: (304) 562-7111

1

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

Jeff Ellison,
>               **PLAINTIFF,**

>                                    **CIVIL ACTION NO. 15-C-415**

**CREDIT ACCEPTANCE CORPORATION,**
>               **DEFENDANT.**

### CERTIFICATE OF SERVICE

I, Benjamin M. Sheridan, attorney for the Plaintiff, certify that I served a true copy of the foregoing **"PLAINTIFF'S MOTION TO AMEND COMPLAINT WITH EXHIBIT AND PROPOSED ORDER"** on the Defendant(s) listed below on this 30th day of May, 2017 via *first class mail postage* prepaid and/or *certified mail* where indicated.

Elizabeth Flowers
TROUTMAN SANDERS, LLP
222 Central Park Avenue Suite 2000
Virginia Beach, VA 23462
(757) 687-7537
*Counsel for Defendant*

BY: _____
>               Benjamin Sheridan (WV Bar #11296)
>               *Counsel for Plaintiff*
>               Klein & Sheridan, LC
>               3566 Teays Valley Road
>               Hurricane, WV  25526
>               (304) 562-7111